```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

**Karen Cupe, et al.,**            :
    **Plaintiffs**               :
                                 :
**v.**                             :        Case No. 3:06cv214 (JBA)
                                 :
**Theresa Lantz, et al.,**         :
    **Defendants.**              :

**RULING ON PLAINTIFFS' MOTIONS TO COLLECT COSTS OF
SERVICE OF SUMMONS AND COMPLAINT [DOC. # 16],
FOR SANCTIONS AND/OR TO COMPEL [DOCS. ## 17, 18]
AND FOR SPEEDY RULINGS [DOC. # 39]**

Plaintiff Karen Cupe, a former inmate at the York Correctional Institution in East Lyme, Connecticut, and her husband Durant Cupe bring suit under 42 U.S.C. § 1983 to recover damages for an alleged sexual assault of Karen Cupe by defendant Laffitte, an employee at the York Correctional Institution, during her incarceration. Plaintiffs initially sued defendant Laffitte in both his official and individual capacities and all other defendants in their official capacities only; after the filing of the instant motions, plaintiffs amended their complaint to sue all defendants in their individual, as well as official, capacities.

Plaintiffs have filed a Motion to Collect Costs of Service of Summons and Complaint [Doc. # 16], seeking to recover costs incurred in preparing and obtaining certified copies of a Summons, making 16 copies of the complaint and accompanying documents, effecting service of such, and preparing the Motion to

1

Collect Costs, on the basis of defendants' failure (except for defendant Laffitte) to provide a waiver of service of summons as requested by plaintiffs' counsel.  Plaintiffs also move for sanctions and/or to compel on the basis of defendants' failure to respond to an interrogatory request seeking the home and business addresses of defendants.  See Mot. for Sanctions and/or To Compel [Docs. ## 17/18].  Plaintiffs contend that as to the defendants other than Mr. Laffitte, their counsel inquired of defense counsel regarding the requested waivers, and defense counsel stated that no such waivers would be provided.  Plaintiffs also claim that when asked for the home and business addresses of defendants, opposing counsel informed plaintiffs' counsel via e-mail: "you will never get from me the home address of any state employee.  you do not need the business addresses of defendants, as they are represented by me and i will accept correspondence on their behalf." Id. at 1.

Defendants object to plaintiffs' motions, arguing that as to the Motion to Collect Costs, plaintiffs' counsel did not communicate with defense counsel concerning the waivers and if he had, as plaintiffs at that time were suing all defendants other than Laffitte in their official capacities only, plaintiffs' counsel would have been informed that formal service was not necessary.  As to the Motion for Sanctions and/or To Compel, defendants argue that the Motion is moot given plaintiffs'

counsel's representation at the August 1, 2006 status conference that an acceptable arrangement had been reached and, further, that the Court should deny the motion for sanctions in its discretion as defense counsel is not sure she ever received the interrogatory in question, plaintiffs' counsel was already aware from previous litigation that disclosure of personal addresses of state defendants is a sensitive issue, and because plaintiffs have suffered no prejudice, particularly in light of the arrangement reached that business addresses would be provided for current state employees now sued in their individual capacities and that the state would forward pleadings and other documents to any retired employees.

Since the filing of plaintiffs' motions, the Court issued its Ruling on Defendants' Motion to Dismiss [Doc. # 50], dismissing all claims asserted against defendants in their official capacities and also dismissing all claims asserted against defendants in their individual capacities, except for those against defendant Laffitte.  For the reasons that follow, plaintiffs' motions will be denied.

**I.   Motion to Collect Costs**

As noted above, plaintiffs filed their Motion to Collect Costs prior to the August 1, 2006 status conference and the filing of their Amended Complaint.  Thus, at the time the Motion was filed, plaintiffs were suing all defendants other than

Laffitte in their official capacities only, and had sought service waivers in this context. Plaintiffs' counsel represents that in May 2006, he inquired about waivers of services of summonses to defense counsel, and she said "[n]o waivers will be sent. You sued the Defendants in their official capacities. You'd better check that out. Good by [sic]," or words to that effect. See Pl. Reply [Doc. # 24] at 1.

To the extent this was the content of defense counsel's communication to plaintiff's counsel (defense counsel does not recall), that statement is a vernacular reflection of the essence of Rule 4(d)'s waiver of service provision as inapplicable to states and their employees sued in their official capacities. See Fed. R. Civ. P. 4(d), 4(j); accord Chapman v. N.Y. State. Div. for Youth, 227 F.R.D. 175, 179-80 (N.D.N.Y. 2005) ("For public policy reasons, neither governmental agencies nor their employees or officials are obligated to comply with a request for waiver nor will they be confronted with bearing the costs of the service. . . . Service upon governmental agencies and their employees is governed by Rule 4(j). In this respect, a state official sued in an 'official' capacity is not subjugated to this waiver of service mandate.") (citing Rule 4 Advisory Committee Notes 1993 Amendment).[1]

---

[1] Plaintiffs attempt to distinguish Chapman on the basis that the decision refers to "governmental agencies" and their "employees or officials," whereas defendants here are State

Thus, because plaintiffs sought service waivers of defendants sued in their official capacities, who were not subject to the waiver of service provisions of Rule 4(d), plaintiffs' Motion to Collect Costs of Service of Summons and Complaint will be denied.

**II. Motion for Sanctions and/or To Compel**

As noted above, plaintiffs also move to compel defendants to respond to an interrogatory seeking the home and business addresses of the defendants, and for sanctions based on defendants' failure to so respond. According to plaintiffs, when their counsel contacted defense counsel concerning this discovery request, defense counsel responded: "you will never get from me the home address of any state employee. you do not need the business addresses of defendants, as they are represented by me and i will accept correspondence on their behalf." Mot. for Sanctions and/or To Compel at 1.

In their opposition memorandum, defendants argue that this motion is moot given the agreement between the parties, memorialized at the August 1 status conference, that for defendants sued in their individual capacity defense counsel

---

employees. Regardless of the particular type of governmental entities at issue in Chapman, however, Rule 4(d) clearly is inapplicable to service on the types of entities listed in subdivision (j) ("Service Upon Foreign, State, or Local Governments"), which include states (and, by extension, their employees sued in their official capacities).

would provide business addresses only for active state employee defendants and would forward waivers to any retired employee defendants.  See Def. Opp. at 9.  However, plaintiffs contend that the Motion is not moot, particularly because waivers have been received from certain of defendants, but not from two defendants who no longer work for the State or from five other defendants who apparently still do.

In light of the Court's recent Ruling on Defendants' Motion to Dismiss, plaintiffs' requests are moot, and their Motion will accordingly be denied, as the non-Laffitte defendants for whom plaintiffs did not have personal contact information have now been dismissed from the case.

Moreover, sanctions would not be warranted in this instance in any event because at the time of defendants' failure to respond to plaintiffs' interrogatory and defense counsel's email to plaintiffs' counsel refusing to provide addresses for the defendants, plaintiffs' Amended Complaint adding the defendants in their individual capacities had not yet been filed.  Thus, at the time of the interrogatory, the non-Laffitte defendants were sued in their _official_ _capacities_ _only_, the service waiver provisions of Rule 4(d) were inapplicable to them, service was to be effected as prescribed in Rule 4(j)(2) ("Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and

of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant"), and home addresses for these official capacity defendants were thus unnecessary.  See also Wittenbrink Aff. [Doc. # 21-6] ¶¶ 31-32 ("It would not be the practice of the undersigned counsel nor does she recall on any occasion ever forcing any plaintiff, represented or otherwise, to retain the services of a marshal to sue the State or to sue state employees in their official capacity.  Had Attorney Kosinski indicated that he felt it was then necessary to retain the services of a marshal to actually serve process against state employees in their official capacity, the undersigned counsel would certainly have indicated that this is not necessary at all.").

    The Court wishes to note, however, that after the amendment of plaintiffs' Complaint, defense counsel agreed to accept correspondence on behalf of and provide business addresses for the current-state-employee individual-capacity defendants and to forward waiver requests to any former-state-employee individual-capacity defendants, although plaintiffs represent that notwithstanding this agreement waivers still had not been provided by all defendants as of the date of the filing of their reply memorandum, indicating either some defendants' refusal to waive service or defense counsel's failure to follow through with

her agreement.  Had these individual-capacity defendants not already been dismissed from this case, the Court would be presented with the plaintiffs' discovery effort to solve their problem of how to effect service on the non-waiving defendants, and likely would have had no choice but to compel the business addresses of all current-state-employee defendants and the home addresses of all former-state-employee defendants, in the absence of any other alternative arrangements to effect service on those defendants, in order to avoid unnecessary delay in litigation.[2]

**III. Conclusion**

For the foregoing reasons, plaintiffs' Motion to Collect Costs of Service of Summons and Complaint [Doc. # 16] and Motion for Sanctions and/or To Compel [Doc. # 17/18] are DENIED. Plaintiffs' Motion for Speedy Rulings [Doc. # 39] is also DENIED as moot in light of this ruling.[3]

IT IS SO ORDERED.

  /s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 18th day of January, 2007.**

---

[2] Assistant Attorney General Wittenbrink states "[i]t is the practice of the undersigned as well as the Office of the Attorney General to decline to give out home addresses for security purposes."  Wittenbrink Aff. ¶ 50.

[3] As noted in the Court's Ruling on Defendants' Motion to Dismiss, in light of the Court's dismissal of plaintiffs' claims against all non-Laffitte defendants on Eleventh Amendment and statute of limitations grounds, the concerns articulated in plaintiffs' Motion for Speedy Ruling are not implicated.